[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-11223
Non-Argument Calendar
_____

D.C. Docket No. 3:14-cv-00691-MCR-MD


CHRISTOPHER BROOKS,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY, Acting Commissioner of the Social
Security Administration

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(September 29, 2016)

Before HULL, MARCUS, and ANDERSON, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Christopher Brooks appeals from a final judgment of the United States District Court for the Northern District of Florida affirming the final determination of Defendant-Appellee Commissioner of Social Security ("Commissioner") denying Brooks' application for a period of disability and disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–34. Upon review of the briefs and relevant parts of the record, we affirm.

On March 2, 2012 Brooks protectively filed an application with the Social Security Administration for a period of disability and disability insurance benefits alleging disability beginning March 2, 2012. The claim was denied initially on September 28, 2012 and upon reconsideration on September 28, 2012. Thereafter, the claimant filed a written request for hearing before an Administrative Law Judge, which was held on November 7, 2013. The ALJ issued a decision on April 11, 2014 finding Brooks not disabled. The Social Security Administration Appeals Council denied Brooks' request for review. Therefore, the ALJ's decision is the final decision of the Commissioner for the purposes of our review. Brooks thereafter filed a civil action in the United States District Court for the Northern District of Florida. The Magistrate Judge issued a Report and Recommendation (R&R) recommending that the district court affirm the decision of the Commissioner. On March 15, 2016, the district court adopted the R&R, affirmed

the decision of the Commissioner, and entered judgment in favor of the Commissioner.  Brooks timely appealed.

Under the authority of the Social Security Act, 42 U.S.C. § 301 *et seq*., the Social Security Administration had established a "five-step sequential evaluation process" for determining whether an individual is "disabled" for the purposes of a period of disability and the payment of disability insurance benefits. 20 CFR § 404.1520(a). These five steps include determinations of (1)  whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments listed in the 20 CFR Part 404, Subpart P, Appendix 1; (4) whether the claimant can perform any of his or her past relevant work; and (5) whether there exists significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience. See § 404.1520(a)(4)(i)–(v). If the claimant can perform his or her past relevant work or other jobs that exist in significant numbers in the national economy, the Commissioner will find the claimant not disabled. § 404.1520(a)(4)(iv)–(v).

In the instant case, the ALJ found that Brooks had not engaged in substantial gainful activity since the alleged onset date. The ALJ further found that Brooks has the following severe impairments: multiple sclerosis, asthma, and sleep apnea.

However, the ALJ found that the medical evidence did not support a finding that these impairments were equivalent in severity to the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

At the crux of this appeal are the ALJ's determinations at Step Five of the sequential evaluation process. At step five, the ALJ considered a wide range of evidence, including documents submitted by his treating physician, examinations by independent consultative medical and psychiatric examinations, and a determination by the United States Department of Veterans Affairs that Brooks was entitled to disability compensation from the VA due to service-connected disabilities. Based on the evidence in the record, the ALJ concluded that Brooks "has the residual functional capacity to perform sedentary work," albeit with some limitations such as an inability to climb ladders, ropes, stairs, or scaffolds. DE 5-2:28. The ALJ further stated that while Brooks was to avoid "concentrated exposure to dust, fumes, and gases," he had the capacity to perform "the simple routine tasks of unskilled work involving no more than simple, short instructions and simple work-related decisions with few workplace changes." DE 5-2:28. The ALJ thus concluded based on the record evidence that, despite Brooks' demonstrated impairments, he retained the residual functional capacity to work within the stated limitations and therefore was not "disabled" under the relevant sections of the Social Security Act. DE 5-2:36.

4

This Court performs a limited review of the Commissioner's decision. The Commissioner's decision will be upheld if it is supported by substantial evidence and decided according to proper legal standards. Wilson v. Barnhart, 284 F.3d 1219, 1221 (11th Cir. 2002). Substantial evidence is less than a preponderance but is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004).

On appeal, Brooks argues that the Commissioner's decision is not supported by substantial evidence because (1) the ALJ failed to properly weigh a disability finding of the VA; (2) the ALJ mischaracterized or misstated the record evidence; (3) the ALJ impermissibly acted as his own expert; and (4) the ALJ impermissibly "picks and chooses" through the evidence. Brooks also argues that the ALJ failed to give appropriate weight to the opinion of Brooks' treating physician. In sum, Brooks argues that the decision of the Commissioner must be vacated because the ALJ failed to give adequate weight to the evidence indicating that Brooks was disabled.

We disagree. As we have explained, "[t]he scheme of the Act places a very heavy initial burden on the claimant to establish existence of a disability." Bloodsworth v. Heckler, 703 F.3d 1233, 1240 (11th Cir. 1983). Our case law provides that even if a preponderance of the evidence weighs against the

Commissioner's decision, we must affirm if substantial evidence supports the decision. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). Brooks offers no argument that the evidence relied upon by the ALJ—namely, Brooks' own testimony, examination notes submitted by Brooks' treating physician, and examinations and the opinions of multiple non-treating consulting internists and psychiatrists—was in any way not substantial. At this stage, we cannot reweigh the evidence, find facts anew, or substitute our judgment for the ALJ's conclusions.[1]

The decision of the district court is affirmed.

AFFIRMED.

---

[1]    We also find no merit in Brooks' more specific objections to the ALJ's opinion.  For example, our careful review of the ALJ's decision does not persuade us that the ALJ improperly weighed either the VA's decision or the opinion of Brooks' treating physician.